Erin K. Lovall
Texas Bar 24032553
ELovall@FSLHlaw.com
Robert Johnson
Texas Bar 24063782
RJohnson@FSLHlaw.com
**Franklin Skierski Lovall Hayward LLP**
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
972.755.7100 (*tel.*)
972.755.7110 (*facsimile*)

*Proposed Counsel to the Trustee
Mark A. Weisbart*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | **Chapter 7** |
| **TOMMY L. GOFF,** | § | **Case No. 11-40996-btr-7** |
| *Debtor*, | § | |

**TRUSTEE'S APPLICATION PURSUANT TO 11 U.S.C. § 327(a)
TO EMPLOY FRANKLIN SKIERSKI LOVALL HAYWARD, LLP
AS GENERAL BANKRUPTCY COUNSEL**

NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN RESPONSE OR OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE HEREOF, UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH AN OBJECTION.

IF NO OBJECTION IS TIMELY FILED AND SERVED, THIS APPLICATION SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING, UNLESS THE COURT DETERMINES THAT A HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF AN OBJECTING PARTY FAILS TO APPEAR AT A SCHEDULED HEARING, ITS OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

Mark A. Weisbart, the Chapter 7 Trustee (the "<u>Trustee</u>") for the estate (the "<u>Estate</u>") of Tommy L. Goff ("<u>Goff</u>" or the "<u>Debtor</u>"), files this *Trustee's Application Pursuant to 11 U.S.C.*

*§ 327(a) to Employ Franklin Skierski Lovall Hayward, LLP as General Bankruptcy Counsel* (this "Application"), and in support thereof respectfully represents the Court as follows.

## I.
## JURISDICTION; VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application constitutes a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014 and 2016.

## II.
## BACKGROUND

3. On March 31, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating the above-captioned bankruptcy case.

4. The Trustee has been appointed as the Chapter 7 Trustee for the Estate.

## III.
## RELIEF REQUESTED

5. By this Application, the Trustee seeks authorization to employ and retain Franklin Skierski Lovall Hayward, LLP ("FSLH") as general bankruptcy counsel in this bankruptcy case effective as of June 3, 2011.

6. FSLH is a firm comprised of duly-licensed attorneys with offices located at 10501 North Central Expy., Suite 106, Dallas, Texas 75231. The Trustee believes that employment and retention of FSLH as set forth herein is in the best interests of the Estate.

7. The Trustee has selected FSLH because of its extensive experience in bankruptcy and reorganization matters. FSLH and its attorneys are well-qualified to advise and counsel the

Trustee regarding his duties, powers and responsibilities in this bankruptcy case, and are capable of effectively and efficiently dealing with any potential issues that may arise in connection with this bankruptcy case.

8. The Trustee seeks to retain FSLH on an hourly basis. Erin Lovall, a partner with FSLH, and Robert Johnson, an associate with FSLH, will be primarily responsible for FSLH's representation of the Trustee in this case. Ms. Lovall's current hourly rate is $325.00 per hour. Mr. Johnson's current hourly rate is $200.00 per hour. The time devoted by FSLH's paralegals is currently charged at a rate of $150.00 per hour. FSLH adjusts its hourly rates on an annual basis, and these rates are subject to change at the time of such annual adjustments.

9. Subject to this Court's approval, and in accordance with § 330(a), compensation will be payable to FSLH on an hourly basis. Such compensation will be paid out of property of the Estate from time to time, and shall be computed based upon the hourly rates of the particular attorneys and paralegals who work on the case.

10. In addition, FSLH will be reimbursed for the actual, necessary expenses incurred in representing the Trustee in this case using property of the Estate for, *inter alia*, all reasonable travel costs, long distance calls, express mail, special or hand deliveries, copying costs (at a rate of 20¢ per page), document processing, Westlaw fees, court fees, transcript costs, and other ordinary and extraordinary expenses.

11. To the best of its knowledge and belief, FSLH has no material relationships that would raise a potentially disqualifying conflict of interest or that would otherwise render FSLH ineligible to serve as counsel for the Trustee under § 327 of the Bankruptcy Code. To the best of its knowledge and belief, FSLH has complied with the requirements of § 327 of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and 2016 with respect to this Application. Such compliance is

set forth in detail in the *Affidavit of Robert Johnson* (the "<u>Affidavit</u>") attached hereto as Exhibit A and incorporated herein by reference.

12. FSLH has conducted a conflicts check and is not aware of any conflicts of interest or potential conflicts of interest in representing the Trustee. FSLH believes that no conflicts of interest or other disqualifying circumstances exist. To the best of its knowledge and belief, FSLH is a "disinterested person," as that term is defined in 11 U.S.C. §§ 101(14) and 327.

13. Notwithstanding the foregoing, in an abundance of caution, the Trustee discloses as follows. FSLH has represented and does currently represent the Trustee, solely in his capacity as Chapter 7 Trustee, in the following chapter 7 bankruptcy cases:

   a. *In re Realty America Group (Parker) Medical Office, LP*, No. 10-40698, In the United States Bankruptcy Court for the Eastern District of Texas; and

   b. *In re David L. Sebold and Cynthia L. Sebold*, No. 10-44102, In the United States Bankruptcy Court for the Eastern District of Texas.

The Trustee respectfully submits that FSLH's representation of the Trustee, solely in his capacity as Chapter 7 Trustee, in the unrelated cases above does not represent a potentially disqualifying conflict of interest in FSLH's representation of the Trustee in this case. In fact, the Trustee has disclosed such connections solely in an abundance of caution to inform the Court and parties-in-interest of such connections, even though the Trustee believes that no potentially disqualifying conflicts of interest exist by virtue of such connections.

14. The relevant facts pertaining to FSLH's connections set forth above are set forth in the Affidavit. The Trustee does not believe that such facts raise any potentially disqualifying conflict of interest in FSLH's proposed representation of the Trustee in this case.

15. FSLH and the Trustee would respectfully submit that no reason exists to deny the Trustee's employment and retention of FSLH effective as of June 3, 2011. Accordingly, FSLH

and the Trustee request that the Court approve the Trustee's employment and retention of FSLH as set forth herein.

## IV.
## PRAYER

BASED ON THE FOREGOING, the Trustee respectfully requests that the Court (i) grant this Application, (ii) authorize the Trustee to employ and retain FSLH as set forth herein and (iii) award the Trustee such other and further relief to which he is justly entitled.

DATED: July 1, 2011.

>
> Respectfully submitted,
>
> **Franklin Skierski Lovall Hayward LLP**
>
> By: */s/ Robert Johnson*
> Erin K. Lovall
> Texas Bar 24032553
> ELovall@FSLHlaw.com
> Robert Johnson
> Texas Bar 24063782
> RJohnson@FSLHlaw.com
> 10501 N. Central Expy., Suite 106
> Dallas, Texas 75231
> 972.755.7100 (*tel.*)
> 972.755.7110 (*facsimile*)
>
> *Proposed Counsel to the Trustee*
> *Mark A. Weisbart*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by the Court's CM/ECF system upon all parties entitled to receive notice under Loc. R. Bankr. P. 2014(b) and 9013(f) on July 1, 2011.

> By: */s/ Robert Johnson*
> Robert Johnson